NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER C. KENDALL (Cal. Bar No. 274365)
Deputy Chief, Assistant United States Attorney
International Narcotics,
Money Laundering & Racketeering Section
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorney
International Narcotics,
Money Laundering & Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-2576/6875
    Facsimile:    (213) 894-0142
    E-mail:    christopher.kendall@usdoj.gov
                lindsay.bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-446-DSF-12 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT GUSTAVO CORTES-SAUCEDO |
| v. | |
| GUSTAVO CORTES-SAUCEDO, | Hearing Date: October 21, 2019 |
| Defendant. | Hearing Time: 8:30 a.m.<br>Location:   Courtroom of the Hon. Dale S. Fischer |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Christopher C. Kendall and Lindsay M. Bailey, hereby files its sentencing position regarding defendant GUSTAVO CORTES-SAUCEDO.

    This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  The

government respectfully reserves the right to file a response to any of defendant's sentencing positions and to file a supplemental sentencing position if necessary.

Dated: September 16, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____
CHRISTOPHER C. KENDALL
LINDSAY M. BAILEY
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On March 25, 2019, defendant GUSTAVO CORTES-SAUCEDO ("defendant") pleaded guilty to Count Five of the Indictment, which charged defendant with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  (Dkt. 140.)  On May 22, 2019, the United States Probation Office filed its Presentence Investigation Report ("PSR"), in which it calculated a total offense level of 19 and determined that defendant falls within Criminal History Category I, resulting in an advisory Guidelines range of 30 to 37 months.  (Dkt. 148.)  The government concurs with the PSR's findings as it relates to the advisory Guidelines range and respectfully recommends that the Court impose a sentence of 30 months in prison, followed by a two-year period of supervised release, and order defendant to pay the mandatory special assessment of $100.

**II.  STATEMENT OF FACTS**

Defendant admitted the following facts in the plea agreement and during his change of plea hearing:

On August 6, 2015, in Los Angeles County, within the Central District of California, defendant knowingly possessed with intent to distribute controlled substances.  Specifically, defendant obtained two vacuum-sealed packages containing a total of 1,983 grams of a mixture or substance containing a detectable amount of cocaine and placed the packages in the engine compartment of a Toyota Tacoma that he possessed. Defendant knew that the packages contained cocaine and intended to deliver them to another individual.

On or about August 6, 2015, in his home located on Aranbee Avenue in Compton, California, defendant also possessed other drug

trafficking paraphernalia, including shrink wrap, a heat sealing device, packaging material.  (Dkt. No. 129 ("Plea Agreement"), ¶ 12.)

**III. GUIDELINES CALCULATION**

The USPO found that defendant's total offense level is 19, based on the following:

| | | |
|---|---|---|
| Base offense level: | 24 | (U.S.S.G. § 2D1.1(c)(8), (a)(5)) |
| Safety-Valve Eligible: | -2 | (U.S.S.G. § 2D1.1(b)(18)) |
| Acceptance of Responsibility | -3 | (U.S.S.G. §§ 3E1.1(a), (b)) |
| Total | 19 | |

(PSR ¶¶ 36-55.) The government has no objections to the above calculation.  The USPO also calculated defendant's criminal history category as I.  (PSR ¶¶ 57-64.)  The government agrees with this calculation of defendant's criminal history category.

With an offense level of 19 and a criminal history category of I, the USPO calculated the Guideline imprisonment range as 30 to 37 months.  (PSR ¶ 107.)

**IV.   GOVERNMENT'S SENTENCING POSITION**

    **A.   A 30 Month Term of Imprisonment is an Appropriate Sentence for Defendant Considering the § 3553(a) Factors**

A sentence of 30 months' imprisonment, a two-year period of supervised release, and a $100 special assessment is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

        1.   <u>Nature and Circumstances of the Offense</u>

The recommended sentence adequately reflects the serious nature of defendant's offense.  Defendant served as a courier on at least one occasion for almost two kilograms of cocaine, and, although

2

defendant did not have control over the quantity or type of controlled substance he carried, he did act with full knowledge of his actions. Moreover, the items recovered during a search of defendant's home indicate that this was not the first time that defendant engaged in such conduct and, indeed, suggest that defendant may have been operating a stash house. Defendant's actions funded and furthered a dangerous Mexican cartel that engaged in large scale drug trafficking within the Central District of California and elsewhere, presenting a serious and significant danger to public safety. That being said, defendant's status as a courier and stash house operator indicates that he is less culpable for this danger to public safety than others higher-up within the organization. Accordingly, a low-end guidelines sentence of 30 months' imprisonment is appropriate given the nature and circumstances of the offense.

2. History and Characteristics of Defendant

Defendant's history and characteristics similarly support a sentence of 30 months imprisonment. Defendant is a 34 year-old father of five who served as the sole monetary provider for his family. (PSR, ¶¶ 70-75.) For much of defendant's life, he has struggled financially, both while living under the care of his parents and since providing for a family of his own. (PSR, ¶¶ 70-73.) Despite these difficulties, defendant was able to graduate from high school and become a licensed contractor, and in 2017, he opened his own contracting business.[1] (PSR, ¶¶ 84-87.) He also successfully avoided drug addiction and any criminal convictions prior to his arrest in this case. (PSR, ¶¶ 81-83, 57-64.)

---

[1] Of note, defendant's success occurred before his arrest in this case.

3

Ultimately, it appears that defendant was being honest when he stated that he committed this crime purely for financial reasons, and his success in avoiding criminal activities since this incident demonstrate that a low-end Guidelines range of 30 months is appropriate.

3. <u>Need for Deterrence and to Protect the Public</u>

A total sentence of 30 months imprisonment will similarly promote respect for the law and deter future conduct.  By requiring defendant to serve a significant custodial sentence, the Court will impress upon not only defendant, but others, that drug trafficking is a very serious crime.  It will also allow defendant significant time to reflect upon his actions and the consequences they may have, and hopefully deter him (and others) from engaging in criminal conduct in the future.  Accordingly, a 30 month sentence is appropriate to protect the public from the harm caused by drug traffickers while also deterring defendant from engaging in future criminal conduct.

4. <u>Policy Statements and Need to Avoid Unwarranted Sentencing Disparities</u>

Finally, the Court should sentence defendant in a manner that avoids unwarranted sentencing disparities among other defendants with similar records who have been found guilty of similar conduct.  The best way to ensure consistent sentences for similarly-situated defendants across courtrooms, districts, and the country is to apply the Sentencing Guidelines uniformly.  <u>United States v. Saeteurn</u>, 504 F.3d 1175, 1181 (9th Cir. 2007).  Here, the government's recommended sentence is within the appropriate Guidelines range as calculated by the USPO.  Accordingly, imposing the government's recommended

4

sentence ensures that the punishment is consistent with other, similarly-situated drug trafficking defendants.

### B. Restitution, Fine, and Supervised Release

The government recommends that the Court order defendant to pay a $100 mandatory special assessment, but that defendant's fines should be waived pursuant to U.S.S.G. § 5E1.2(a) because the USPO found that he is unable to pay any such fine. (PSR, ¶ 97.)

The government also recommends a two-year period of supervised release. Although defendants sentenced pursuant to 21 U.S.C. § 841(b)(1)(A) must typically receive at least a four-year period of supervised release, defendant meets the criteria set forth in 18 U.S.C. §§ 3553(f)(1)-(5) and may therefore receive a sentence within the applicable Guidelines. (PSR, ¶ 107.) Here, defendant's Guidelines range is a period of supervised release of two to five years. (PSR, § 100.)

Defendant was ultimately an active and knowing participant in a drug trafficking scheme that transported multiple kilograms of cocaine. A significant period of supervised release is therefore necessary to ensure that defendant continues to comply with the law upon his release. However, defendant also successfully removed himself from drug trafficking in 2017, more than a year prior to his arrest in this case, and avoided continued criminal activity while unsupervised during that period. Defendant is also facing likely deportation following the conclusion of his sentence in this case, which may make an extended period of supervised release difficult. Accordingly, a two-year period of supervised release will ensure that defendant continues to diligently abide by the law upon his release, to the extent he remains within the United States.

**V.   CONCLUSION**

For the reasons set forth above, the government respectfully requests that defendant be sentenced as follows: (1) a 30-month term of imprisonment; (2) a two-year period of supervised release; and (3) a special assessment of $100.  Based on defendant's lack of resources, the government believes that no fine is warranted here.